UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALAN BRENNER and
NOCIUS TOUSSAINT,

           Plaintiffs,

v.                                      Civil Action No. _____

ARK RUSTIC INN, LLC,

           Defendant.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Ark Rustic Inn, LLC ("Ark Rustic Inn"), by counsel, hereby removes this action from the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division based on diversity and federal-question jurisdiction. The grounds for removal are as follows:

## I.    BACKGROUND

1.    On September 22, 2016, Plaintiffs Alan Brenner and Nocius Toussaint filed a Complaint against Ark Rustic Inn in the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE-16-017626. Copies of all process, pleadings, motions, and orders from the state court file are attached as Exhibit A. Plaintiff Brenner alleges that Ark Rustic Inn terminated him on the basis of his age. Compl. ¶ 24–38. Both Plaintiffs also allege that Ark Rustic Inn terminated them in retaliation for filing workers' compensation claims. Compl. ¶ 10–18, 42–50.

1

2.      Ark Rustic Inn was served with the Summons and Complaint on October 3, 2016. This Notice of Removal, filed within 30 days of service of the Complaint, is timely pursuant to 28 U.S.C. § 1446(b)(1).

3.      This action against Ark Rustic Inn could have been originally filed in this Court pursuant to 28 U.S.C. § 1331 and Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and pursuant to 28 U.S.C. § 1367 (as to Plaintiffs' state law claims). This action also could have been originally filed in this Court pursuant to 28 U.S.C. § 1332.

## II.    <u>FEDERAL-QUESTION JURISDICTION</u>

4.      In the Complaint, Plaintiff Brenner states a claim for age discrimination under the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Compl. ¶¶ 35–38.

5.      Removal of this case is, therefore, proper under 28 U.S.C. § 1331 because this action arises under federal law.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff Brenner's state-law claim for discrimination under the Florida Civil Rights Act of 1992 and both of Plaintiffs' state-law claims for retaliation under Florida's Workers' Compensation Statute. A court has supplemental jurisdiction over claims that are part of the same "case or controversy" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.") In deciding whether a state-law claim is part of the same case or controversy as a federal issue,

2

courts "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). Here, all the claims arise out of Rustic Inn's decision to terminate the Plaintiffs' employment for what the Plaintiffs allege were impermissible reasons. Thus, the claims involve allegedly similar occurrences, share operative facts, and will require testimony from the same witnesses. Because the state-law claims are part of the same "case or controversy" as the federal law claim, the court has supplemental jurisdiction over the state-law claims. *See Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1322 (M.D. Ala. 2008) ("This court may hear Wood's state-law claims because they are part of the same case or controversy as the federal-law claims, in that they both arise from Wood's termination, and 28 U.S.C. § 1367(a) confers supplemental original jurisdiction over such state-law claims.").

## III.   DIVERSITY OF CITIZENSHIP JURISDICTION

7.     This Court has diversity jurisdiction over the claims raised in the Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.     Plaintiff Brenner is a resident of Broward County, Florida. Compl. ¶ 3. Plaintiff Toussaint is a resident of Miami-Dade County, Florida. Compl. ¶ 4.

9.     Ark Rustic Inn, LLC was formed under the laws of Delaware, and it has one member, Ark Hollywood/Tampa Corp. Exhibit B, ¶ 5; *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) "[A] limited liability company is a citizen of any state of which a member of the company is a citizen.") Ark Hollywood/Tampa Corp. is a Delaware corporation with its principal place of business in New York. Exhibit B, ¶ 5;

3

28 U.S.C.A. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

10. Complete diversity of citizenship existed between Plaintiffs (Florida) and Defendant (Delaware and New York) at the time Plaintiffs' Complaint was filed, and complete diversity of citizenship exists at the time of removal.

11. In the Complaint, Plaintiffs seek an unspecified amount of damages in excess of $15,000. Compl. ¶ 2. When a plaintiff does not plead a specific amount of damages, a defendant wishing to remove the complaint from state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) (citing *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)). To determine the amount in controversy, district courts "may use their judicial experience and common sense." *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010)) (citing *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1062 (11th Cir. 2010)). And they must "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" *Rowe*, 569 F. App'x at 703 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

4

12.     Here, the type and extent of damages sought by Plaintiffs demonstrate that, on its face, the Complaint seeks an amount significantly higher than $75,000. Plaintiffs seek, among other things, back pay, front pay, impairment to earning capacity, damages for humiliation, mental pain and suffering, attorney's fees, and punitive damages. Compl. ¶18, 34, 50.

13.     In determining the amount in controversy, courts consider the potential back pay award from the date of the adverse employment action until the proposed trial date. *Penalver v. Northern Electric, Inc.,* No. 12-80188, 2012 WL 1317621, at *2 (S.D. Fla. April 17, 2012) ("First, for purposes of the amount in controversy requirement, back pay should be calculated from the date of the adverse employment action until the date of trial"); *Leslie v. Conseco Life Ins. Co.,* No. 11-81035-CIV, 2012 WL 4049965, at *3 (S.D. Fla. Sept. 13, 2012) (same); *Morgan v. Sears,* Case No. 12–60055, at *2 (S.D. Fla. June 19, 2012) (same); *Messina v. Chanel, Inc.,* Case No. 10–24518–CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (same); *Destel v. McRoberts Protective Agency, Inc.,* No. 03-62067, 2004 WL 746293, at *4, n. 3 (S.D. Fla. Feb. 17, 2004) (same).

14.     At the time of termination, Plaintiff Brenner was earning an annual salary of $124,800, and an average monthly salary of $10,400. *See* Exhibit B, ¶ 6 (Stewart Dec.). He alleges he was terminated on February 17, 2016—more than eight months ago. Compl. ¶ 13. Eight months of back-pay damages would be approximately $83,200. As damages in ADEA cases can be liquidated, the amount in controversy on the back-pay claim alone is over $166,000. 29 U.S.C.A. § 626(b).

15.     Plaintiffs are also seeking front pay for an unspecified period of time, Compl. ¶ 18, 50, which if even sought for one year would add $124,800 to the amount in controversy for

Plaintiff Brenner's claims. *See Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (where "adding one year of front pay pushe[d] Ms. Brown's damages over the $75,000 jurisdictional threshold").

16. Plaintiffs are also seeking punitive damages under the Florida Civil Rights Act. Compl. ¶ 33, 34. The Florida Civil Rights Act allows for the recovery of punitive damages up to $100,000. Fla. Stat. § 760.11(5). "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations and footnote omitted). Nothing in Plaintiffs' Complaint indicates they are seeking less than the maximum allowable award of punitive damages. This further increases the amount in controversy. *See Brown v. Cunningham Lindsey U.S., Inc.*, 305-CV-141J32, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005); *Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that a complaint alleging $100,000 in punitive damages satisfied the jurisdictional amount in controversy because the jury could have awarded that much in punitive damages under the relevant state law).

17. Last, Plaintiff Brenner is seeking statutory attorney fees under the Florida Civil Rights Act, Fla. Stat. § 760.11, and the ADEA, 29 U.S.C. 626(b). Compl. ¶ 34, 38. As such, attorneys' fees should be considered in the jurisdictional amount. *See Brown v. Cunningham Lindsey U.S. Inc.*, 2005 U.S. Dist. LEXIS 38862, at *12 (M.D. Fla. May 11, 2005) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). Thus, Plaintiffs' attorneys' fees necessary to take this case through trial are further evidence that the amount in controversy exceeds $75,000.

18.     Relying on judicial experience, the Court should have no difficulty determining that these damages push the total well above the threshold amount. *See Cowan v. Genesco, Inc.,* No. 3:14-CV-261-J-34JRK, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (determining jurisdictional threshold was met because, in addition to almost $45,000 in back pay, plaintiff sought compensatory and punitive damages, as well as attorneys' fees).

19.     Accordingly, the amount of controversy requirement has been satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

20.     Removal of this case is, therefore, proper under 28 U.S.C. §§ 1441(b) and 1446(b) and (c) because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## V.     VENUE

21.     Venue is proper in this Court because this district encompasses the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a).

---

[1] The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff Toussaint's claim even if his claim does not satisfy the amount-in-controversy requirement because both Plaintiffs claim they were terminated from Ark Rustic Inn for filing workers' compensation claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 559 (2005) ("[Section] 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy."). The claims allegedly involve similar occurrences, share operative facts, and will require testimony from the same witnesses. *Hudson,* 90 F.3d at 455 (noting that in considering the "case or controversy" requirement, courts "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence"). And thus their claims are part of the same case or controversy.

## VI.   <u>NOTICE</u>

22.      Concurrent with filing this Notice of Removal, Ark Rustic Inn will file a Notice to State Court of Removal to Federal Court with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida and will attach a copy of this Notice of Removal thereto. A copy of the Notice to State Court of Removal to Federal Court is attached hereto as Exhibit C.

## VII.   <u>MISCELLANEOUS</u>

23.      This action has not previously been removed to federal court.

24.      Ark Rustic Inn reserves the right to amend its Notice of Removal to cure any procedural defects or correct any errors, or as otherwise appropriate.

25.      If any questions arise as to the propriety of the removal of this action, Ark Rustic Inn requests the opportunity to present a brief and argument in support of its position that this case is removable.

Dated:   October 28, 2016.

McGuireWoods LLP

*/s/ Thomas R. Brice*
Thomas R. Brice
Florida Bar No.: 0018139
Cameron Kynes
Florida Bar No.: 0116711
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
T:  904.798.2629/F:  904.798.3261
tbrice@mcguirewoods.com
ckynes@mcguirewoods.com
*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2016, I served a copy of the foregoing via electronic mail and U.S. Mail on:

Christopher J. Rush, Esquire
Christopher J. Rush & Associates, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
crush@crushlawfl.com
lmyers@crushlawfl.com


/s/ Thomas R. Brice
Attorney


83641548_1.docx